IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mujtabaa L. Mubashshir, et al.,          Case No. 3:09 CV 738

           Plaintiffs,          MEMORANDUM OPINION
                            AND ORDER
      -vs-
                                      JUDGE JACK ZOUHARY
Terry Collins, et al.,

           Defendants.

*Pro se* Plaintiffs Mujtabaa Mubashshir, Jerry Jones, Winston James, Jr., Alonzo Harris, Michael Sepulveda, and Darnell Hayes filed this action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, against Ohio Department of Rehabilitation and Correction ("ODRC") Director Terry Collins, North Central Correctional Institution ("NCCI") Chaplain Warren Burbury, ODRC Religious Services Administrator Gary Sims, and NCCI Warden Edward Sheldon. In the Complaint (Doc. No. 1), Plaintiffs allege Defendants failed to accommodate the practice of their religion. They seek injunctive and monetary relief.

**BACKGROUND**

Plaintiffs practice the "fiqh Hanafi school" of the Muslim faith (Doc. No. 1, p. 5). They contend this sect forbids the consumption of non-Halal meats. Pork is forbidden as part of their diet. In addition, they claim they are prohibited from eating any meat which has not been ritually slaughtered by a qualified Muslim while reciting the name of Allah. To be qualified, the slaughterer

must perform a purification rite of absolution prior to killing the animal. Plaintiffs also claim their meals must be prepared only by Muslims who have achieved a state of ritual purity. Plaintiffs indicate they must not consume foods with yellow dye number 5, red dye number 40, gelatin, animal shortening, and certain oils. They claim "it is a Muslim's duty to know the ingredients by checking all the ingredients used to prepare Islamic Meals or abstain from eating those meals altogether" (Doc. No. 1, p. 7). Plaintiffs assert the "ODRC['s] failure to provide regular, nutritious meals that [Plaintiffs] may eat in accordance with their sincere religious beliefs places a substantial burden on the exercise of their religion" (*id.* at p. 9). Thus, Plaintiffs assert they are required to forego all meals offered by ODRC.

In addition, Plaintiffs claim they are denied equal protection. They state Jewish inmates are provided with a Kosher diet, which Defendants purchase from an outside vendor. They ask this Court to order Defendants to provide them with a diet that fully conforms to their religious beliefs and award them monetary damages.

## ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), a district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons stated below, this action is dismissed pursuant to § 1915(e).

**First Amendment and RLUIPA**

The First Amendment states: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." The First Amendment is applicable to the states

by virtue of its incorporation by the Fourteenth Amendment. *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940). Inmates retain the First Amendment right to exercise their religion subject to reasonable restrictions and limitations. *See Bell v. Wolfish,* 441 U.S. 520, 549-51 (1979). The Court must first determine whether Defendants' policies deprive Plaintiffs of the right to express their religion. More specifically, the Court must evaluate the "quality of the claims" alleged to be religious. *See Wisconsin v. Yoder,* 406 U.S. 205, 215 (1972). To be protected by the Constitution, the particular religious ritual must be central or indispensable to the inmate's religious observances and must be a conviction shared by an organized group as opposed to a personal preference. *Sequoyah v. T.V.A.,* 620 F.2d 1159, 1164 (6th Cir. 1980). If the ritual at issue is not "fundamental," dismissal is appropriate. *See Abdur-Rahman v. Michigan Dept. of Corrections,* 65 F.3d 489, 492 (6th Cir. 1995). If the practice is found to be a fundamental tenet and Defendants' policy is deemed to place a substantial burden on that tenet, then the Court must determine whether Defendants' policy "is reasonably related to legitimate penological interests." *Turner v. Safley,* 482 U.S. 78, 89 (1987).

The RLUIPA, which expands the First Amendment protections accorded prisoners with respect to their religious beliefs, specifically provides as follows:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . ., unless the government demonstrates that imposition of the burden on that person-
>
> > (1) is in furtherance of a compelling governmental interest; and
> >
> > (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). If a substantial burden on religion is found, a less deferential standard is applied for a RLUIPA claim than for a First Amendment claim asserted under 42 U.S.C. § 1983. *See Cutter v. Wilkinson*, 544 U.S. 709 (2005). Under RLUIPA, the initial burden of showing a substantial

3

burden on a religious practice lies with the plaintiff. *See* 42 U.S.C. § 2000cc-2(b). The term "substantial burden" as used in RLUIPA should be given the same interpretation as the concept of substantial burden on religious exercise in a First Amendment inquiry. *Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 733-34 (6th Cir. 2007).

The Court, however, is unable to determine if Defendants are in violation of either the First Amendment or RLUIPA because Plaintiffs have not provided any information about Defendants' policies or practices. In their Complaint, Plaintiffs set forth in great length their beliefs and conclude by saying Defendants have denied them religious freedom and violated RLUIPA. Under Federal Civil Rule 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The pleading standard of Rule 8 does not require detailed factual allegations, but it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* A complaint must contain sufficient factual matter, accepted as true, to state a claim for relief plausible on its face. *Id.* To meet this standard, a plaintiff must provide:

> factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* Although for purposes of 28 U.S.C. § 1915(e), the Court must take all the factual allegations in the Complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-50. In this case, even if the Court accepts as true all of Plaintiffs' factual

4

allegations, they have only established the sincerity of their religious beliefs. That is only one element of their claim. There are no allegations pertaining to Defendants' actions or policies. Absent these allegations, the Court cannot reasonably conclude Defendants plausibly placed a substantial burden on Plaintiff's practice of their religion.

### Equal Protection

Plaintiffs' equal protection claim is similarly flawed. They assert Defendants provide Kosher meals to Jewish inmates. They allege these meals are purchased from an outside vendor. Plaintiffs conclude they were denied equal protection. To state an equal protection claim under Section 1983, Plaintiffs must show Defendants acted with an intent or purpose to discriminate against them based upon membership in a protected class. *Herron v. Harrison*, 203 F.3d 410, 417 (6th Cir. 2000). There are no allegations in the Complaint reasonably suggesting an intent to discriminate against Plaintiffs.

#### CONCLUSION

Accordingly, this action is dismissed under 28 U.S.C. § 1915(e). Furthermore, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 14, 2009

5